**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5076**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW TROY EVANS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Andre M. Davis, District Judge. (1:05-cr-00259-AMD-1)

Submitted:  December 17, 2009       Decided:  January 14, 2010

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

W. Warren Hamel, Alexander W. Major, VENABLE LLP, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Jefferson M. Gray, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Matthew Evans of possession of a firearm after having previously been convicted of a crime punishable by more than one year, in violation of 18 U.S.C. § 922(g)(1) (2006); possession of body armor after having previously been convicted of a crime of violence, in violation of 18 U.S.C. § 931(a) (2006); and possession of ammunition after having previously been convicted of a crime punishable by more than one year, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Evans to a total of 235 months of imprisonment and Evans now appeals. Finding no error, we affirm.

Evans first challenges the district court's admission of evidence that he possessed scales and cellular phones at the time of the commission of the crimes. This court reviews the evidentiary rulings of a district court for abuse of discretion. United States v. Kelly, 510 F.3d 433, 436 (4th Cir. 2007). An abuse of discretion occurs only when "the [district] court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks and citation omitted).

Evans argues that the district court erred in admitting the evidence because its probative value was substantially outweighed by its prejudicial effect. A district

2

court should exclude relevant evidence when "its probative value is 'substantially outweighed' by the potential for undue prejudice, confusion, delay or redundancy." United States v. Queen, 132 F.3d 991, 994 (4th Cir. 1997) (quoting Fed. R. Evid. 403). "Prejudice, as used in Rule 403, refers to evidence that has an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" Id. (citations omitted). We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in admitting the evidence.

Evans next challenges the district court's denial of his motion for a continuance after the Government inadvertently failed to timely provide the laboratory report of DNA found on the body armor. This court reviews a district court's denial of a continuance for abuse of discretion. Williams, 445 F.3d at 739 (citations omitted). "[E]ven if such an abuse is found, the defendant must show that the error specifically prejudiced [his] case in order to prevail." Id. (internal quotation marks and citation omitted). We have thoroughly reviewed the record and conclude that Evans has failed to demonstrate that the district court committed error, let alone that prejudiced his case.

Evans next argues that the district court erred in refusing to reopen the evidence after a witness who previously refused to testify indicated his willingness to take the stand

3

after the close of the evidence. This court reviews a district court's decision on whether to reopen a case for abuse of discretion. United States v. Nunez, 432 F.3d 573, 579 (4th Cir. 2005) (citation omitted).

> When reviewing whether or not the judge abused his discretion in not reopening a case, we examine (1) whether the party moving to reopen provided a reasonable explanation for failing to present the evidence in its case-in-chief; (2) whether the evidence was relevant, admissible, or helpful to the jury; and (3) whether reopening the case would have infused the evidence with distorted importance, prejudiced the opposing party's case, or precluded the opposing party from meeting the evidence.

United States v. Abbas, 74 F.3d 506, 511 (4th Cir. 1996) (citation omitted). Our thorough review of the record persuades us that the district court carefully and equitably balanced the competing interests at stake in rendering its ruling. Accordingly, we conclude that Evans has failed to demonstrate that the district court abused its discretion in refusing his request to reopen the evidence.

Finally, Evans challenges the sufficiency of the evidence on his convictions for possession of a firearm and possession of ammunition. This court reviews a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110

4

F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

To establish a violation of 18 U.S.C. § 922(g)(1), the Government was required to prove that: (1) Evans was a convicted felon; (2) he knowingly possessed the firearm and ammunition; and (3) the firearm and ammunition traveled in interstate commerce. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). In order to prove possession under § 922(g), the Government need not prove "actual or exclusive possession, [rather] constructive or joint possession is sufficient." Id. at 136-37 (citation omitted). Moreover, "the Government may

5

prove constructive possession by demonstrating that the defendant exercised, or had the power to exercise, dominion and control over the item." Id. at 137 (internal quotation marks and citation omitted). Assessed in its entirety, the record confirms that the Government presented overwhelming evidence from which a rational jury could reasonably conclude that Evans possessed the firearm and the ammunition.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED